IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT WALTER MOORE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL AVIATON ADMINISTRATION,<br><br>Defendant. | ) | CIVIL ACTION NO. 2:25cv1017-MHT (WO) |

OPINION

Plaintiff Robert Walter Moore, who is pro se, filed this case contending that the defendant Federal Aviation Administration (FAA) violated his right to due process under the Fifth and Fourteenth Amendments by not considering the information he provided them after an emergency revocation of his air certificates and denying him an administrative hearing before the National Transportation Safety Board because he missed the deadline for requesting an administrative appeal. Moore seeks damages, injunctive relief, "a change in

**the law regarding the alleged violation," and a written apology. Complaint (Doc. 1) at 3. The FAA moved to dismiss.**

**This case is before the court on the United States Magistrate's recommendation that the FAA's motion to dismiss be granted on several grounds: first, because to the extent Moore seeks damages from the FAA, his claim is barred by sovereign immunity; second, because the court lacks subject-matter jurisdiction over Moore's challenge to the FAA's revocation of his certificates because he failed to exhaust statutorily required administrative remedies; and third, because Moore sought judicial review in the wrong court. Also before the court are Moore's objections to the recommendation.* Upon an independent and de novo review of the record, the court finds that the objections**

---

*** Moore filed two "responses" to the recommendation well after the deadline for submitting objections. *See* Responses (Doc. 20 & Doc. 21). The court has reviewed these responses, and finds that they would not have changed the outcome even if timely filed.**

**should be overruled and the recommendation adopted except for Section III.C. Report and Rec. (Doc. 18) at 6-8. The court notes that, if not for Moore's failure to exhaust administrative remedies, and pursuant to 28 U.S.C. § 1631, the court would transfer this case to another court where jurisdiction is proper: either the Eleventh Circuit Court of Appeals, *see* 49 U.S.C. § 46110(a), or the United States District Court for the Southern District of Alabama, where plaintiff resides. *See* PILOTS BILL OF RIGHTS, 112 P.L. 153, 126 Stat. 1159, 1161(d)(1) ("Upon a decision by the National Transportation Safety Board upholding an order or a final decision by the Administrator denying an airman certificate under section 44703(d) of title 49, United States Code, or imposing a punitive civil action or an emergency order of revocation under subsections (d) and (e) of section 44709 of such title, an individual substantially affected by an order of the Board may, at the individual's election, file an appeal in the United**

**States district court in which the individual resides or in which the action in question occurred, or in the United States District Court for the District of Columbia.”).**

**DONE, this the 29th day of September, 2026.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**